IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| GREGORY McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | 1:24-CV-00140-SPB |
| | ) | |
| vs. | ) | JUDGE SUSAN PARADISE BAXTER |
| | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Presently pending before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 9. Defendant requests that the Court dismiss Plaintiff's claims of recklessness and for punitive damages for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons explained below, Defendant's motion will be GRANTED.

I.   INTRODUCTION

This case is a negligence and products liability action originally filed in the Warren County Court of Common Pleas on April 19, 2024. The legal claims[1] arise out of an incident in which Plaintiff's 2015 Chevrolet Silverado spontaneously caught fire while he was driving it. Defendant was served with the complaint and timely removed the action to this Court on May 28, 2024. Thereafter, Defendant filed the instant partial motion to dismiss Plaintiff's allegations

---

[1] Plaintiff asserts four legal claims: Count I - Negligence, Count II - Breach of Express and Implied Warranties, Count III – Strict Liability, Design Defect, Manufacturing Defect, and Count IV – Strict Liability, Failure to Warn. ECF No. 2.

1

of recklessness and request for punitive damages pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 8. Plaintiff has not filed any opposition to the pending motion. The issue is now ripe for consideration.

II. LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court accepts as true all well pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes,* 419 U.S. 232 (1974).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not accept as true unsupported conclusions and unwarranted inferences. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

III. DISCUSSION

    A. Recklessness

Recklessness involves more than ordinary negligence. A defendant acts recklessly where his conduct "creates an unreasonable risk of physical harm to another" and the risk created is "substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). A defendant's conduct is in "reckless disregard of the safety of another if 'he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, **not** only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" Restatement (Second) of Torts § 500 (1965).

In this case, Plaintiff alleges that Defendant knew or should have known of a danger or defect that would cause consumers to sustain injuries and failed to warn of or remedy it. However, the Complaint contains no factual allegations identifying the nature of the alleged defect, how the Defendant allegedly became aware of it, or what actions Defendant failed to take in conscious disregard of that risk. These allegations are conclusory and unsupported by facts. *See* ECF No. 2, ¶ 22 ("As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of Defendant GM, …"); ¶¶ 23-26 (similar). These allegations are insufficient under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff alleges no factual basis that would allow the Court to raise a right to relief above the speculative level. As such, Plaintiff's allegations of recklessness in Paragraphs 22, 23, 24, 25, and 26 of Count I of the Complaint will be dismissed.

B. <u>Punitive Damages</u>

In *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742 (1984), the Pennsylvania Supreme Court adopted the Restatement (Second) of Torts §908(2), which provides that "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." 506 Pa. at 395. "Outrageous conduct" has been defined as an act done with a bad motive or with a reckless indifference to the interest of others. *See Phillips*, 883 A.2d at 445. A court must look at "the act itself together with all the circumstances including the motive" of the defendant (*Feld,* 506 Pa. at 395 (cleaned up)) and a plaintiff must be able to establish "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

The purpose of punitive damages is to punish a defendant who was deemed to have conducted themselves in a manner markedly beyond mere negligence. *Phillips*, 883 A.2d at 439. Punitive damages are an extreme remedy and will not be awarded for conduct arising from mere inadvertence, mistake or an error in judgment. *Id.* The state of mind of the defendant is vital. *Feld*, 506 Pa. at 396. "The act, or failure to act, must be intentional, reckless or malicious." *Id.*

Plaintiff's request for punitive damages reads, in its entirety:

> Defendant GM, acting to serve its own financial interests, consciously disregarded the substantial and known risk that its conduct, through the design, manufacture, sale and use of the foregoing defective product might significantly injure the rights of others; Defendant GM consciously chose to pursue this course of conduct despite having knowledge that it created a substantial risk of significant harm or death to persons such as Plaintiff. An award of punitive damages against Defendant is therefore justified and appropriate.

ECF No. 2, ¶ 17.

Because Plaintiff's request for punitive damages is premised on the same conclusory allegations as the recklessness allegations discussed above, and the Complaint contains no factual allegations suggesting that Defendant acted with an evil motive or conscious disregard of a known risk, Plaintiff has not plausibly stated a claim for punitive damages. Accordingly, Plaintiff's claim for punitive damages will also be dismissed.

An appropriate Order follows.